|,PER CURIAM.
Plaintiff was injured in the course and scope of his employment while driving an 18 wheel tractor trailer rig. Plaintiff was paid temporary and total disability and medical benefits as a result of the injuries he sustained from the accident. Thereafter, Plaintiff filed a claim with the Office of Workers’ Compensation asserting that Defendants refused to allow him to choose his own specialist. Plaintiff also filed an amended claim, asserting that his weekly disability rate should be increased and that Defendants refused to approve necessary medical equipment for him. Then Plaintiff filed a rule to have Defendants ordered to: (1) reimburse him for a $500 medical evaluation fee; (2) assign him another case manager; (3) refrain from any further direct contact with his health care providers; and (4) pay attorney fees/costs associated with the rule. Defendants responded and stated that the rule should be denied because: (1) the assignment of a case manager is within the sole discretion of the | pemployer/insurer; (2) the current case manager should be maintained; and (3) Plaintiff failed to allege that his opportunity to receive medical treatment had been interfered with by Defendants.
After a hearing on the rule filed by Plaintiff, the Workers’ Compensation Hearing Officer ordered Defendants to reimburse Plaintiff the $500 medical evaluation fee, to replace the medical case manager, and to appoint a new medical case manager to meet with Plaintiff. The hearing officer further ordered Defendants to pay a penalty in the amount of $2,000 and to pay attorney fees in the amount of $3,000 for: their failure to timely provide *1104 Plaintiff with a motorized wheelchair; their delay in providing medical records to Plaintiffs physician; their apparent disregard for Plaintiffs health; and their lack of knowledge of Plaintiffs medical condition, his means of transportation, and his living arrangements. Defendants appealed that decision, and the court of appeal affirmed. We now reverse the decision of the Second Circuit with regards to the replacement of the medical case manager and the appointment of a new medical ease manager.
The Louisiana Workers’ Compensation Act does not provide claimants the right to a medical case manager, the selection of a medical case manager, or the termination of a medical case manager. Plaintiff has not cited nor do we find any authority which allows the Workers’ Compensation Hearing Officer to manage the operations of a medical case manager who is employed or contracted by an employer. While we agree in this case that the actions of the medical case manager may have been egregious, the proper remedy under the Workers’ Compensation Act is the imposition of sanctions in the form of penalties and attorney fees against the employer.
The legislature has remained silent on the issue of a claimant’s right to a medical case manager. Accordingly, neither Plaintiff nor the Workers’ Compensation Hearing Officer can regulate medical case management services. We therefore [.¡reverse that portion of the court of appeal’s decision directing Defendants to replace the medical case manager and to appoint a new medical case manager.
REVERSED IN PART; OTHERWISE DENIED.
JOHNSON, J., dissents.
KNOLL, J., dissents and assigns reasons.